ROY MITCHELL v. THE STATE.

No. 7817.　Decided June 6, 1923.

Rehearing denied June 27, 1923.

**1.—Murder—Sufficiency of the Evidence.**

Where, upon trial of murder inflicting the death penalty, there was not lack of fairness on the trial, and the evidence was sufficient to support the conviction under a proper charge of the court, there is no reversible error.

**2.—Same—Motion for Rehearing—Practice on Appeal.**

Nothing appearing upon which this court can act, and the time for filing the regular and formal motion for rehearing having expired, the application, if such these letters might be considered for rehearing, will be overruled.

Appeal from the District Court of McLennan. Tried below before the Honorable Richard I. Munroe.

Appeal from a conviction of murder; penalty, death.
The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of McLennan County of murder, and his punishment fixed at death.

The facts revealed by the record are unfit to appear on the printed pages of the records of this court. According to the confession of the appellant made without suggestion of improper influence, taken in accordance with the forms of the law, he shot and killed a man whom he had never seen before the night of the killing,—ravished and shot and killed a woman companion of said man,—robbed the dead body of the man,—tied it on behind a car and dragged it over the ground,—beat the bodies of his victims over the head with a gunbarrel,—and deliberately took what seemed to him all necessary steps to remove evidence of his crime and to secure himself from suspicion and detection. The details of the transaction will be no further set forth. The record is devoid of any exception to the charge of the court or to anything that transpired during the trial. The gravity of the punishment inflicted has caused us to scrutinize carefully the record to see if it be at all likely that anything has been done during the trial that would affect its fairness. We see no lack of fairness on the trial. The charge of the court was full and explicit. The testimony was overwhelming. The jury have exercised the discretion confided in them in the administration of punishment.

The judgment will be affirmed.

*Affirmed.*

ON REHEARING.

June 27, 1923.

LATTIMORE, JUDGE.—The clerk of this court has received from appellant herein two letters expressing the purpose of filing a motion for rehearing, in which letters appear the objections of appellant to matters connected with his trial, but notwithstanding the time fixed by statute for filing such motion has expired, no one has appeared and no motion has been filed. We have examined said letters carefully, feeling that however informal they might be in their presentation, inasmuch as this appellant has been given the extreme penalty of the law, this court should be as careful as possible to accord to him every right and opportunity given him by the law. Nothing appearing upon which this court can act, and the time for filing the

regular and formal motion for rehearing having expired, the application, if such these letters might be considered, for rehearing, will be overruled.

*Overruled.*